UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 31 2016

Everardo Cardenas,

            Plaintiff,

—v—

Michael Astrue,

            Defendant.

12-CV-6760 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff commenced this social security action in September 2012. Dkt. No. 1. On March 4, 2016, Plaintiff's counsel ("Petitioner") requested that the Court approve a $1,298.75 award of attorney's fees under 42 U.S.C. § 406(b). Dkt. Nos. 7, 8. For the reasons articulated below, Petitioners request is denied.

## I. BACKGROUND

      Plaintiff hired Petitioner in 2009 in connection with a social security claim. Dkt. No. 8 ¶ 2. At some point prior to 2012, the Social Security Administration determined that Plaintiff had a "closed period of disability." *Id.* ¶¶ 3. At this point, Petitioner received a fee of $1,298.75 for his services. *Id.* Plaintiff then filed this action to challenge the denial of ongoing disability benefits. Dkt. No. 1. In December 2012, the case was remanded to the Commissioner of Social Security for further administrative proceedings. Dkt. No. 6. In June 2013, Plaintiff was awarded retroactive benefits by the Commissioner. Dkt. No. 8 ¶ 5. Based on this award, Petitioner received an attorney's fee in the amount of $10,000. *Id.* This fee represented the total fee to which Petitioner was entitled for his work in the administrative proceedings. *Id.* ¶ 6. As a result, the $1,298.75 initially received was an overpayment of attorney's fees to Petitioner. *Id.*

1

Petitioner now seeks to classify the initially-received $1,298.75 as his fee under § 406(b) for 4.5 hours of work done in connection with this federal case. *Id.* ¶ 7. Petitioner attempted to obtain a stipulation from the U.S. Attorney's Office consenting to this fee award but as Plaintiff has the only financial stake in contesting § 406(b) awards, the U.S. Attorney's Office was unable to consent or waive any objections. *Id.* ¶ 8; Dkt. No. 9 at 2. The U.S. Attorney's Office did note, however, that such a request may be untimely. Dkt. No. 9 at 2.

## II. LEGAL STANDARD

Three statutes authorize attorneys' fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for representation at the administrative level, 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts, and the Equal Access to Justice Act ("EAJA") provides for additional fees if the Government's position in litigation was not "substantially justified." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794-96 (2002) (first citing § 406, then quoting 28 U.S.C. § 2412(d)(1)(A)). Section 406(b), invoked here, provides that:

> "Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

42 U.S.C. 406(b)(1)(A). Courts should enforce contingent-fee arrangements under this provision so long as they are reasonable. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

## III. DISCUSSION

Here, the Court remanded the case to the Commissioner of Social Security, Dkt. No. 6, who subsequently awarded Plaintiff retroactive benefits. Dkt. No. 8 ¶ 5. Although the Second Circuit has not directly addressed whether this posture permits awards under § 406(b), the vast majority of courts to consider the question, including at least one court in this district, have held

2

that § 406(b) allows the district court to award fees in cases of remand so long as the plaintiff is eventually awarded benefits. *See McGraw v. Barnhart,* 450 F.3d 493, 503 (10th Cir. 2006); *see also Rose v. Barnhart*, No. 01-CV-1645 (RLE), 2007 WL 549419, at *3 (S.D.N.Y. Feb. 16, 2007) (collecting cases).

This situation gives rise to a potential problem: If § 406(a) allows an attorney to recover fees for representation before the Commission and § 406(b) permits an attorney to recover fees for representation in federal court based on fees awarded by the Commission after remand, there is the potential for double recovery. Here, for example, Petitioner has already been awarded $10,000 in fees, presumably pursuant to § 406(a). *See* Dkt. No. 8 ¶ 5 (designating the received fee an "administrative fee"). He now requests an additional $1,298.75 pursuant to § 406(b). *Id.* ¶ 7. Thus, the question is whether Petitioner may recover fees under both § 406(a) and § 406(b).

Most courts agree that "double recovery" under both § 406(a) and § 406(b) is theoretically permissible. However, there is sharp divergence regarding the maximum combined recovery under the two provisions, each of which limit attorney's fees to 25% of a plaintiff's award of past-due benefits. The Sixth, Ninth, and Tenth Circuits have held that an attorney may recover fully under both § 406(a) and § 406(b) for a combined total of 50% of a plaintiff's award, while the Fourth and Fifth Circuits have held that an attorney's combined fee under the statutes is capped at 25% of a plaintiff's award. *See Rice v. Astrue,* 609 F.3d 831, 835 & n.12 (5th Cir. 2010) (collecting cases); *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (same).

The Second Circuit has not directly confronted this split of authority. However, district courts in this circuit have limited combined fees under § 406(a) and § 406(b) to 25% of a plaintiff's past-due benefits. *See Dabydeen v. Colvin*, No. 11-CV-878 (KAM), 2015 WL 6696430, at *1 (E.D.N.Y. Nov. 3, 2015) ("[T]he combined fees approved under §§ 406(a) and

3

406(b) [may] not exceed . . . 25% of the retroactive benefits awarded to the plaintiff."); *see also O'Brien v. Barnhart*, No. 02-CV-594 (ENV), 2010 WL 1459191, at *1 (E.D.N.Y. Apr. 12, 2010); *Montgomery v. Barnhart*, No. 06-CV-3325 (JFB), 2008 WL 5000235, at *5 (E.D.N.Y. Nov. 19, 2008). This mirrors the approach that the Supreme Court adopted with respect to double recovery under § 406(b) and EAJA. *See Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186) ("Fee awards may be made under both [§ 406(b) and EAJA], but the [] attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). To avoid "a windfall to the attorney," *Wells*, 907 F.2d at 372, the Court will follow this practice here and limit Petitioner's total fee to 25% of Plaintiff's recovery.

Petitioner has not expressly indicated that the $10,000 fee that he previously received constituted 25% of plaintiff's past-due benefits. Dkt. No. 8 ¶ 6. However, he does note that $10,000 is "the total fee to which [he] is entitled" for representation in the administrative proceedings. *Id*. Reading this statement in light of the Petitioner's 25% contingent-fee arrangement with Plaintiff in this action, Dkt. No. 8 Ex. 2, and the language of § 406(a) permitting fee awards of up to 25% of a plaintiff's recovery, the Court finds it likely that Petitioner has already received 25% of plaintiff's past-due benefits. In any event, Plaintiff has not discharged his burden of demonstrating that his requested fee is reasonable in light of the probability of double recovery. *See Gisbrecht*, 535 U.S. at 807 n.17 (the attorney "bears the burden" of demonstrating that fees awarded under § 406(b) are reasonable). As a result, the Court denies Petitioner's request for an award of fees.

IV. **CONCLUSION**

For the foregoing reasons, Petitioner's request is DENIED. Petitioner is ordered to return to Plaintiff the portion of the overpaid fee that exceeds 25% of plaintiff's past-due benefits.

4

SO ORDERED.

Dated: March 30, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge